UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Civil Case No:

Leonardo Jo,

      Plaintiff,

v.                    JURY TRIAL DEMANDED

Equifax Information Services, LLC and Trans Union, LLC,

      Defendants
_____/

## COMPLAINT

Plaintiff Leonardo Jo ("*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Equifax Information Services, LLC ("*Equifax*") and Trans Union, LLC ("*Trans Union*") (Equifax and Trans Union may be hereinafter collectively referred to as "*Defendants*") as follows:

## INTRODUCTION

1. This action seeks to recover for violations of the Fair Credit Reporting Act (the "*FCRA*"), 15 U.S.C. § 1681 *et seq.*

2. This action seeks relief against Defendants for reporting inaccurate and/or misleading information on Plaintiff's credit report in violation of § 1681e(b); and for Defendants failure to conduct a reasonable investigation into Plaintiff's disputes in violation of § 1681i(a).

3. Plaintiff seeks an Order enjoining Defendants injurious conduct and to recover *inter alia*, statutory damages, prejudgment and post-judgment interest, and reasonable attorneys' fees and expenses for injuries suffered as a result of Defendants erroneous reporting of inaccurate information in Plaintiff's consumer background reports.

1

4. As a result of Defendants conduct in misreporting and failing to reasonably investigate the dispute and correct inaccuracies, Plaintiff has sustained actual damages including, but not limited to: a decreased credit score; decreased credit worthiness and credit capacity; emotional and mental pain due to the anxiety and stress of the negative credit impact of the errors at issue despite taking steps to resolve it; and the dissemination of this inaccurate reporting to third party prospective creditors.

5. Plaintiff seeks to recover monetary damages for Defendants' violations of the FCRA and to have an Order issued by this Court enjoining Defendants from persisting in their violative behaviors.

## JURISDICTION AND VENUE

6. Jurisdiction of the Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

7. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## PARTIES

8. Plaintiff Leonardo Jo is an adult who is a citizen of the State of Florida residing in Miami-Dade County.

9. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

10. Defendant Equifax is a Georgia limited liability company which has a principal place of business located at 1550 Peachtree Street, NW, Atlanta, GA 30309.

11. Defendant Equifax Information Services, LLC, is a subsidiary of Equifax, Inc. and qualifies as a consumer reporting agency (hereinafter "*CRA*"), as defined under 15 U.S.C. § 1681a(f), that regularly conducts business in this judicial district.

12. Defendant Equifax by contractual agreement, disseminates consumer background reports for remuneration to third parties.

13. Defendant Trans Union is an Illinois limited liability company which has a principal place of business located at 555 W. Adams Street, Chicago, IL 60661.

14. Defendant Trans Union is a CRA as defined under 15 U.S.C. 1681a(f), that regularly conducts business in this judicial district.

15. Defendant Trans Union by contractual agreement, disseminates consumer background reports for remuneration to third parties.

## SUBSTANTIVE ALLEGATIONS OF FCRA

16. Congress enacted § 1681 *et seq.* of Title 15 of the United States Code, § 1681(a) of which states as follows:

> (1) The banking system is dependent upon fair ***and accurate*** credit reporting. ***Inaccurate credit reports directly impair the efficiency of the banking system***, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system.
>
> (2) An elaborate mechanism has been developed for investigating and evaluating the credit worthiness, credit standing, credit capacity, character, and general reputation of consumers.
>
> (3) Consumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers.
>
> (4) There is a ***need to insure that consumer reporting agencies exercise their grave responsibilities with fairness***, impartiality, and a respect for the consumer's right to privacy.

(Emphases added).

17. FCRA mandates that CRAs adhere to the following duties: (i) to assure maximum possible accuracy of information when preparing consumer reports and to set up reasonable policies procedures to maintain compliance with this minimum reporting standard; and (ii) to reinvestigate the facts and circumstances surrounding a dispute by consumers and to appropriately and timely correct any inaccuracies, including by quickly notifying the furnisher and any other parties in the distribution chain of the disputed inaccuracies.

18. CRAs compile, maintain, and report information concerning the creditworthiness, credit-standing, credit capacity, character, and general reputation of consumers, including Plaintiff. That information is then made available for use by third

3

parties in credit transactions involving consumers, for employment purposes, for the underwriting of insurance for consumers, and even housing.

19. Plaintiff has a legally protected interest in the Defendants fulfilling their duties under FCRA so that the credit information being furnished and reported by them is maintained fairly, with the maximum levels of confidentiality, accuracy, and relevancy.

20. Plaintiff's injury is particularized and actual and is directly traceable to Defendants' conduct. The deprivation of Plaintiff's rights will be redressed by a favorable decision herein.

## FACTUAL ALLEGATIONS

21. Defendants are reporting inaccurate information on Plaintiff's consumer credit reports with regard to a mortgage loan from Selene Finance LP ("*Selene*" or "*Furnisher*").

22. Trans Union is reporting a 30-day late rating for the month of December 2023.

23. Equifax is reporting a 60-day late rating for the month of December 2023.

24. Plaintiff disputed the matter to Selene directly and Selene informed him that on or around February 1, 2024, it issued instructions to the Defendants to remove the derogatory late ratings for the months of November and December 2023

25. Despite Selene's notice, Plaintiff discovered that Defendants continued to report the late ratings on his credit reports.

26. On or about August 16, 2024, Plaintiff caused a dispute letter to be sent via certified mail to Defendants informing them of this issue (the "*FCRA Dispute Letter*").

27. The FCRA Dispute Letter enclosed a letter from Selene stating that Selene requested the delinquent reporting from November and December of 2023 be deleted from Plaintiff's credit reports.

28. The FCRA Dispute Letter also enclosed Plaintiff's driver's license, social security card, and credit card statement as proof of identity and residence.

29. Based upon United States Postal Service tracking information, Defendants received the FCRA Dispute Letter.

4

30. Following Defendants thirty (30) day FCRA investigation period, Defendants continued to inaccurately report the account.

31. Upon information and belief, Defendants either failed to perform any investigation at all or performed an unreasonable investigation and erroneously verified the inaccurate account as accurate.

32. Had Defendants performed a reasonable investigation, the account at issue would have been modified and the late ratings for December 2023 would have been deleted, or the tradeline would have been deleted entirely.

33. Upon information and belief, Defendants failed to provide Furnisher Defendant with the notice of dispute and all relevant information.

34. Alternatively, and, upon information and belief, Furnisher Defendant provided Defendants with the correct information and directives regarding the Selene account and Defendants failed to properly process or furnish this data to Plaintiff's credit report.

35. As such, Defendants failed to practice reasonable procedures to assure maximum possible accuracy.

36. As a result of Defendants' conduct in misreporting and failing to reasonably investigate the dispute and correct inaccuracies, Plaintiff has sustained actual damages including, but not limited to: a decreased credit score; decreased credit worthiness and credit capacity; wrongly inflated liabilities; emotional and mental pain due to the anxiety and stress of the negative credit impact of the errors at issue despite taking steps to resolve it; lost time and effort; and the dissemination of this inaccurate reporting to third party prospective creditors.

## COUNT I
### Defendants Violations of the FCRA, 15 U.S.C. § 1681e(b)

37. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated at length herein below.

38. Defendants systemically violated 15 U.S.C. § 1681e(b) by failing to adhere to, maintain and/or establish reasonable procedures to assure maximum possible accuracy

5

in the preparation of Plaintiff's credit reports and credit files it published and maintained concerning Plaintiff.

39. Upon receipt of Plaintiff's disputes, Defendants were legally required to: (i) conduct a reasonable investigation or re-investigation into all the circumstances surrounding the dispute; and (ii) when and if appropriate, remove any inaccurate information following the performance of the reasonable investigation.

40. Upon information and belief, Defendants' conduct in the instant matter is representative of their normal policies and procedures (or lack thereof) for maintaining accurate credit reporting.

41. In violation of §§ 1681e(b) and 1681(i), Defendants failed to follow reasonable procedures to assure maximum possible accuracy of the information attributable to Plaintiff, by reporting inaccurate information in Plaintiff's consumer background report.

42. Plaintiff disputed the inaccurate information and Defendants knowingly or intentionally failed to perform a reasonable investigation to remove the inaccurate information.

43. Plaintiff disputed the inaccurate information and Defendants recklessly failed to perform a reasonable investigation to remove the inaccurate information.

44. Alternatively, Plaintiff disputed the inaccurate information and Defendants negligently failed to perform a reasonable investigation to remove the inaccurate information.

45. As a result of Defendants' violations of 15 U.S.C. § 1681, Plaintiff suffered actual damages which have been further described in the above statement of facts.

46. In violation of § 1681o and § 1681n, Defendants' conduct was a direct and proximate cause of Plaintiff's injury.

47. Defendants are liable to Plaintiff for their negligent and willful failures to follow reasonable policies and procedures.

48. As a result of Defendants' violations of 15 U.S.C. §§ 1681e(b) and 1681i, Plaintiff suffered statutory and actual damages as described herein and is entitled to recover actual damages and punitive damages, pursuant to 15 U.S.C. §§ 1681n and 1681o.

49. For the foregoing reasons, Defendants violated 15 U.S.C. § 1681e(b) and are liable to Plaintiff for actual damages, statutory damages, punitive damages, costs and attorneys' fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## COUNT II
### Defendants Violations of the FCRA, 15 U.S.C. § 1681i *et seq.*

50. Plaintiff repeats and realleges paragraphs 1 through 36, as if same were fully restated herein.

51. Defendants violated 15 U.S.C. § 1681i(a)(1) by failing to conduct reasonable reinvestigations to determine whether the disputed information was accurate and record the current status of the disputed information or delete the item from Plaintiff's credit report.

52. Defendants violated 15 U.S.C. § 1681i(a)(1) by relying upon only a cursory review of basic information and deferring entirely upon Furnisher Defendant and merely parroting information received from the furnisher.

53. Defendants violated 15 U.S.C. § 1681i(a)(2)(A) by failing to provide Furnisher Defendant all of the relevant information regarding Plaintiff and his dispute.

54. Defendants violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by Plaintiff regarding the dispute.

55. Defendants violated 15 U.S.C. § 1681i(a)(5)(A) by failing to promptly delete the disputed inaccurate information from Plaintiff's credit file or correct the inaccurate information upon reinvestigation.

56. Upon information and belief, Defendants never contacted Plaintiff to follow up on, verify and/or elicit more specific information about Plaintiff's dispute.

57. Upon information and belief, Defendants never: (i) contacted any third parties that would have relevant information concerning Plaintiff's dispute; (ii) forwarded

7

any relevant information concerning Plaintiff's dispute to Furnisher Defendant; or (iii) requested or obtained any other relevant documents from Furnisher Defendant. As such, there is no evidence of a reasonable investigation being conducted.

58. As a result of Defendants' violations of 15 U.S.C. § 1681, Plaintiff suffered actual damages which have been further described above in the statement of facts.

59. Defendants' violations were willful because they had knowledge of the issue after receiving a detailed dispute letter and/or exhibited a reckless disregard for the information provided in that dispute, rendering Defendant individually liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

60. In the alternative, Defendants were negligent, which entitles Plaintiff to recovery under 15 U.S.C. § 1681o.

61. For the foregoing reasons, Defendants violated 15 U.S.C. § 1681i and are liable to Plaintiff for actual damages, statutory damages, punitive damages, costs and attorneys' fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## JURY DEMAND

62. Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests the Court enter judgment against Defendants, as follows:

a   Adjudging that Defendants' actions violated the FCRA;
b   Enjoining Defendants from persisting in violative behaviors and requiring Defendants to correct or otherwise delete the accounts at issue in Plaintiff's credit report;

c   Granting Plaintiff actual damages against Defendants pursuant to 15 U.S.C. §§ 1681n(a)(1)(A) and 1681o(a);

d   Granting Plaintiff statutory damages against Defendants pursuant to 15 U.S.C. § 1681n(a)(1)(A);

e   Granting Plaintiff punitive damages against Defendants pursuant to 15 U.S.C. § 1681n(a)(2);

f   Granting Plaintiff costs and reasonable attorneys' fees against the Defendants pursuant to 15 U.S.C. §§ 1681n(c) and 1681o(b);

g   Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

h   Such other and further relief as the Court determines is just and proper.

DATED: December 11, 2024

**SANDERS LAW GROUP**

By: */s Craig B Sanders*
Craig B Sanders, Esq.
Florida Bar ID: 985686
333 Earle Ovington Boulevard, Suite 402
Uniondale, New York 11553
Email: csanders@sanderslaw.group
Office: (516) 203-7600
Fax: (516) 282-7878
*Attorneys for Plaintiff*
Our File No.: 130951